IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| VICTORIA H., | § | |
|      Plaintiff, | § | |
| | § | |
| v. | § | No. 4:24-CV-987-BW |
| | § | |
| COMMISSIONER OF THE SOCIAL | § | |
| SECURITY ADMINISTRATION, | § | |
|      Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**
**REGARDING ATTORNEY'S FEES UNDER 43 U.S.C. 406(b)**

Before the Court is a "Motion for and Memorandum in Support of Award of Attorney Fees under 406(b) of the Social Security Act," filed on April 10, 2026, by Plaintiff's counsel, Jonathan Heeps. (Dkt. No. 20 ("Motion" or "Mot.").) The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c), and the parties consented to proceed before the undersigned United States magistrate judge for all proceedings, including the entry of judgment, pursuant to 28 U.S.C. § 636(c) and Special Order No. 3-350.

Through his Motion, Plaintiff's counsel seeks an award of attorney fees in the amount of $34,203.00, less the $6,699.37 paid to Plaintiff's counsel under the Equal Access to Justice Act ("EAJA"),[1] for a net amount of $27,503.63. (*See id*.) Counsel's

---

[1] The purpose of the Equal Access to Justice Act 28 U.S.C. § 2412 is to help reimburse Plaintiffs for the cost of pursuing appeals to the Federal Courts, when the position of the government was not substantially justified at all levels of adjudication. Consequently, under EAJA, the lesser of the attorney fee awarded under 42 U.S.C. § 406 (b) or the amount awarded under EAJA is refunded to the Plaintiff.

motion includes a Certificate of Conference representing that the Commissioner of Social Security ("Commissioner") neither supports nor opposes counsel's request for attorney fees. (*See id.* at 14.) The Commissioner has not filed a response to the motion in the time allowed. *See* N.D. Tex. L. Civ. R. 7.1(e) ("A response and brief to an opposed motion must be filed within 21 days from the date the motion is filed.").

Having considered the Motion, the Commissioner's non-opposition, and the applicable law, the Court **GRANTS** the Motion. (Dkt. No. 20.)

## I. BACKGROUND

On February 18, 2016, Plaintiff filed an application for Disability Insurance Benefits under Title II, of the Social Security Act ("Act"). 42 U.S.C. § 401, et seq., alleging a disability onset date of June 1, 2016. (See Dkt. No. 1.) This Court entered a judgment on May 7, 2025, remanding Plaintiff's case to the Commissioner for further administrative proceedings. (Dkt. No. 20.) The Commissioner subsequently issued a favorable decision on March 5, 2026, finding Plaintiff disabled beginning February 1, 2016.

On March 23, 2026, Plaintiff received a Social Security Administration Notice of Award ("NOA"), dated March 23, 2026. (Dkt. No. 20-1, Exh. A.) The NOA advised Plaintiff that she was entitled to past-due benefits for the period from October 2017 through December 2025, in the amount of $102,608.90. (*See* Dkt. No. 20-1 at ECF p. 5.) The NOA further advised that $34,203.00 was withheld from Plaintiff's past-due benefits to pay for authorized attorney fees. (*See id.*) Plaintiff's

counsel seeks an award of $34,203.00, less the $6,699.37 already paid under the EAJA for federal court services related to Plaintiff's first civil action, Victoria *H. v. Comm'r of SSA*, No: 4:22-CV-487 (N.D. Tex. Sept. 8, 2023), Dkt. No. 32.[2]

In addition to copies of the NOA (Exh. A), counsel provided an itemization of services rendered in both the current case and the previous case (Dkt. No. 20-2, Exh. B); a copy of the contingency fee agreement between counsel and Plaintiff (Dkt. No. 20-3, Exh. C); a graph showing the percentages of initial disability determinations and appeals decisions issued for fiscal year ("FY") 2024 (Dkt. No. 20-4, Exh. D); an affidavit attesting to counsel's experience and qualifications (Dkt. No. 20-5, Exh. E); a report on the economics of the practice of law in Texas, entitled "2019 Income and Hourly Rates" (Dkt. No. 20-6, Exh. F); "State Bar of Texas Department of Research & Analysis 2015 Hourly Fact Sheet" (Dkt. No. 20-7, Exh. G); and U.S. Bureau of Labor Statistics, Consumer Price Index ("CPI"), from 2015 to 2025 (Dkt. No. 20-8, Exh. H).

## II.  LEGAL STANDARDS AND ANALYSIS

"Sections 406(a) and 406(b) of the Social Security Act provide for the discretionary award of attorney's fees out of the past-due benefits recovered by a successful claimant in a Social Security action.  Section 406(a) allows an attorney to receive fees '[f]or representation of a benefits claimant at the administrative level.'" *Murkledove v. Astrue*, 635 F.3d 784, 787 (5th Cir. 2011) (quoting *Gisbrecht v. Barnhart*,

---

[2] Plaintiff did not receive an EAJA award in connection with the current action.

535 U.S. 789, 794 (2002)).  Section 406(b), on the other hand, "governs the award

and collection of fees by attorneys for the representation of claimants in court."  *Id.*

at 788.  Section 406(b)(1)(A) provides in pertinent part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]

42 U.S.C. § 406(b)(1)(A). Section 406(b) authorizes an award of fees after the

attorney has obtained "a favorable decision on remand."  *Jackson v. Astrue*, 705 F.3d

527, 531 (5th Cir. 2013) (citations omitted).

 Contingent-fee agreements are common in Social Security cases.  *See*

*Gisbrecht*, 535 U.S. at 800 (observing that contingent-fee arrangements "are the most

common fee arrangement between attorneys and Social Security claimants").  But

judicial review acts as an "independent check" on any award of attorney's fees under

§ 406(b), including contingent-fee agreements, to ensure that the award is reasonable

and in compliance with § 406.  *Id.* at 807.  The attorney seeking fees has the ultimate

burden to show that, "[w]ithin the 25 percent boundary . . . the fee sought is

reasonable for the services rendered."  *Id.*  Although the Fifth Circuit has declined to

limit "consideration of what constitutes a windfall to some exhaustive list," it has

stated that such consideration "is not a simple reiteration of the lodestar method,"[3]

---

[3] "The lodestar is the product of the hours reasonably spent on the matter and an appropriate hourly rate for such work."  *Colhouer v. Nationwide Mut. Ins. Co.*, No. 3:24-CV-2869-K, 2025 WL 1838935, at *2 (N.D. Tex. July 3, 2025) (internal quotation marks and citation omitted).

and has recognized several factors that courts have considered, including "risk of loss in the representation, experience of the attorney, percentage of the past-due benefits the fee constitutes, value of the case to a claimant, degree of difficulty, and whether the client consents to the requested fee." *Jeter v. Astrue*, 622 F.3d 371, 382 (5th Cir. 2010) (citation omitted).

Counsel seeks court approval for a fee award of $34,203.00, which is the amount being withheld from Plaintiff's disability-insurance benefits. As reflected in the itemization of services rendered, counsel expended 14.90 hours on the current case and 27.30 hours in the previous case, for a total of 42.20 hours in this Court. (*See* Exh B.) Counsel attests that his non-contingent hourly rate is currently $350.00 for non-Social Security matters. (Exh. E.) Counsel further attests that he has practiced law in this state for over 15 years (*id.*) and provides evidence showing that the CPI-adjusted hourly rate for attorneys with similar experience is $418.75. (Exh. G.)[4] Data from the 2019 State Bar of Texas Survey of attorney fee rates (Exh. H) yields a slightly lower CPI-adjusted rate of $397.21. (*See* Exh. F.)[5]

---

[4] Based on The State Bar of Texas report showing 2015 reported median rates of $300 per hour for attorneys with 11 to 15 years of experience working in the Dallas-Fort Worth-Arlington Metropolitan Statistical Area ("DFW MSA"). (Exh. G.) Counsel calculates this rate by adjusting median rate of $300.00 with the difference between the 2015 CPI of 217.625 and the 2025 CPI of 303.60, i.e., 303.60 divided by 217.625 multiplied by 300.

[5] This rate is calculated by adjusting the 2019 DFW MSA survey rate of $308.00 with the difference between the 2019 CPI of 239.045 and the 2025 CPI of 303.60, i.e., 303.60 divided by 217.625 multiplied by 308.

Plaintiff's counsel acknowledges that the de facto hourly rate for the requested fee equates to approximately $651.74 ($27.503.63 divided by 42.20 hours) but represents that the de facto rate is not presumptively unreasonable, noting that "courts have allowed de facto hourly rates that exceed or greatly exceed the attorney's non-contingent hourly rates." (Mot. at 10 (citing *Brannen v. Barnhart*, No. 1:99-CV-325, 2004 WL 1737443, at *1 (E.D. Tex. July 22, 2004).) Counsel represents that this de facto hourly rate is not unreasonable in light of the "substantial risk of loss" associated with Social Security benefits civil litigation. (*See id.*) In FY 2024, federal courts found plaintiffs entitled to benefits in one percent of cases and remanded 63 percent of cases. (*See* Exh. D.) Therefore, Social Security claimants who go to court ultimately prevail about one-third of the time of the time. (*Id.*) Plaintiff's counsel further represents that the de facto rate of $651.74 falls within the range of risk-adjusted hourly rates of $378.79[6] to $1,268.94[7] for the type of work performed by Plaintiff's counsel.

The undersigned finds that the relevant factors articulated in *Jeter* favor approving counsel's petition. *See Jeter*, 622 F.3d at 382. First, courts have consistently recognized that there is a substantial risk of loss in civil actions for Social Security benefits. *See Cullar v. Saul*, No. 7:19-CV-27-O-BP, 2021 WL 295842, at *2 (N.D. Tex. Jan. 8, 2021) ("[T]he Fifth Circuit and district courts in this circuit have

---

[6] Base EAJA rate of $125 divided by 0.33.

[7] CPI-adjusted DFW MSA rate of $418.75 divided by 0.33.

acknowledged the high risk of loss inherent in Social Security appeals and the fact that a particular claimant's attorney often is not compensated at all for Social Security work in federal court." (quoting *Hartz v. Astrue*, No. 08-4566, 2012 WL 4471846, at *6 (E.D. La. Sept. 12, 2012))), *adopted*, 2021 WL 289270 (N.D. Tex. Jan. 28, 2021).  Counsel in this case faced such a risk because Plaintiff had lost at all levels of the administrative proceedings and pursued two appeals in this Court before being awarded benefits.

Additionally, counsel's fee agreement with Plaintiff provides that counsel receive 25 percent of any past-due benefits awarded to Plaintiff.  (*See* Exh. C.)  There is no suggestion that any fraud or overreaching occurred in this matter, as Plaintiff signed the fee agreement and counsel acted promptly in litigating the case and achieving a significant victory for his client.  *See Gisbrecht*, 535 U.S. at 807-08 (noting that the reviewing court should consider whether the attorney was responsible for any delay and the size of the award achieved in relation to the time invested); *Jeter*, 622 F.3d at 382 (stating that courts may consider the fact that the client consented to the fee arrangement in assessing whether the fee is reasonable).

Further, counsel brought to bear extensive experience in Social Security disability law.  (*See* Exh. E.)  *See Jeter*, 622 F.3d at 382 (noting that courts will consider attorney experience and skill in determining the reasonableness of the fee).  Counsel provided effective and efficient representation in this case, reflected in the thorough opening brief outlining errors committed by the Commissioner.  (Dkt. No. 10.)  Furthermore, counsel pursued two separate civil actions to obtain Plaintiff's

7

benefits and attempted to head off this litigation by informing the Commissioner that without a medical opinion "we might be in the same position as we were before." (Transcript ("Tr.") 3069.) *See Jeter*, 622 F.3d at 382 (noting that courts may consider the degree of difficulty of the case in assessing the fee's reasonableness).

Finally, counsel's de facto hourly rate is well within the range of rates previously approved in other Social Security cases. *See, e.g.*, *Eric B. v. Comm'r of Soc. Sec.*, No. 3:17-CV-83-G-BK, 2019 WL 7546622, at *2 (N.D. Tex. Dec. 18, 2019) (finding effective hourly rate of $937.50 reasonable), *adopted*, 2020 WL 109856 (N.D. Tex. Jan. 8, 2020); *Richardson v. Colvin*, No. 4:15-CV-879-BL, 2018 WL 1324951, *2 (N.D. Tex. Mar. 13, 2018) (same); *Sabourin v. Colvin*, No. 3:11-CV-2109-M, 2014 WL 3949506, at *1-2 (N.D. Tex. Aug. 12, 2014) (approving de facto hourly rate of $1,245.55). Moreover, the risk involved in litigating a contingency case of this nature should not be overlooked. *See Jeter*, 622 F.3d at 379-80 (holding that courts can consider the lodestar calculation as one measure in determining whether the contingency fee is reasonable and not a windfall).

Upon consideration of all the relevant factors, the Court concludes that counsel's hours expended and effective hourly rate of $651.74 are reasonable.

With respect to timeliness, § 406(b) does not provide a specific time period for filing a request for attorney's fees, but the Fifth Circuit held in *Pierce v. Barnhart*, 440 F.3d 657, 664 (5th Cir. 2006), that a § 406(b) motion must be filed within 14 days of the entry of final judgment, as required by Federal Rule of Civil Procedure 54(d)(2), "unless otherwise provided by statute or order of the court." In *Pierce*, the district

court denied the initial request for attorney's fees as premature because the SSA had not yet awarded past-due benefits, and the court's order did not impose a specific time limit within which to refile the request if an award was issued. *Id.* at 664. The Fifth Circuit reasoned that because the district court did not specify a deadline, it had invoked its discretion under Rule 54(d) to expand the filing deadline and that, as a result, the § 406(b) motion was timely despite being filed outside the 14-day window. *Id.*

The court in *Pierce* recognized, however, that when a case is remanded to the Commissioner for further proceedings, the outcome of those proceedings is unknown, and therefore it would be premature for a plaintiff to request attorney's fees within 14 days of the entry of judgment. *Foster v. Astrue*, 2011 WL 4479087, at *1 (S.D. Tex. Sept. 6, 2011) (citing *id.*); *Wilcox v. Astrue*, 2010 WL 3075264, at *1 (S.D. Tex. Aug. 5, 2010); *see also Charlton v. Astrue*, No. 3:10-CV-0056-O-BH, 2011 WL 6325905, at *2 (N.D. Tex. Nov. 22, 2011) ("The better course of action is [for counsel] to file the motion in a timely manner after the award of benefits."), *adopted*, 2011 WL 6288029 (N.D. Tex. Dec. 14, 2011).

Here, Plaintiff received the NOA on March 23, 2026, and moved for an award of attorney's fees on April 10, 2026—four days after the 14-day deadline under Rule 54 of the Federal Rules of Civil Procedure. *See Pierce*, 440 F.3d at 664. Plaintiff's counsel appears to acknowledge that the Motion was filed after the 14-day deadline, but he contends that the delay in filing is not unreasonable since it is mostly outside

Plaintiff's control.  (Mot. at 2.)  He further contends that the motion for fees will not prejudice or adversely affect the Commissioner.

District courts in this circuit have used their discretion to find motions timely even when they have been filed more than 14 days after the award of benefits.  *See Charlton*, 2011 WL 6325905, at *2 (finding motion timely when filed within five weeks of NOA); *Daigle v. Soc. Sec. Admin.*, No. 06-2393, 2010 WL 3522389, at *3 (W.D. La. Aug. 31, 2010) (attorney's fees motion was timely when filed over four months after the Commissioner issued a favorable decision); *Foster*, 2011 WL 4479087, at *2 (motion was timely when filed four months after the Commissioner issued a favorable decision).  In exercising their discretion to waive the requirement, these courts have noted that the motion was filed within a reasonable amount time, caused no prejudice to the plaintiff, and denying the requested fees would render an unconscionable result.  *See, e.g.*, *Charlton*, 2011 WL 6325905, at *2; *Daigle*, 2010 WL 3522389, at *3.  Such is the case here.  Therefore, the Court exercises its discretion to find that the motion for attorney's fees is timely.

## III.  CONCLUSION

Based on the foregoing, the Court **GRANTS** Plaintiff's Motion for Attorney Fees under 406(b) (Dkt. No. 20) and awards Plaintiff's counsel, Jonathan Heeps, $34,203.00, in attorney's fees to be certified for payment out of Plaintiff's past-due benefits under 42 U.S.C. § 406(b).

Furthermore, Plaintiff's counsel is **ORDERED** to promptly refund to Plaintiff the $6,699.37 EAJA award from Plaintiff's first civil action, *Victoria H. v. Comm'r of SSA*, Civ. No: 4:22-CV-487.

**SO ORDERED** on May 22, 2026.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE